IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRON ALAN MCGARRAH, 126087674, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-1125-N |
| | ) | |
| BOB ALFORD, ET AL., | ) | |
| Defendants. | ) | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Parties**

Plaintiff is confined in the Johnson County Jail. He filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Sheriff Bob Alford, Warden Eddie Williams, Assistant Warden Jimmy Johnson, Executive Director Rodney Cooper and Executive Director Brandon Wood. The Court has not issued process pending judicial screening.

**II. Background**

Plaintiff states Defendants violated his civil rights by failing to provide a law library at the Johnson County Jail. He claims Defendants' actions denied him access to the courts in his criminal case. He seeks access to a law library and money damages.

**Findings and Conclusions of the**
**United States Magistrate Judge**     Page -1-

**III.  Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

**IV.  Discussion**

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. TX, Fort Bend County*, 325 Fed. Appx. 389, 2009 WL 1407935 at *1 (5th Cir. 2009).  However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To state a claim that his constitutional right of access to the courts was violated, a

plaintiff must show he was actually prejudiced. *Lewis v. Casey*, 518 U.S. 342, 349-51 (1996). The plaintiff must identify a nonfrivolous, arguable underlying claim that he has been unable to pursue. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis v. Casey*, 518 U.S. at 353).

In this case, Plaintiff claims he was prejudiced in his ability to challenge criminal charges against him. Plaintiff, however, admits that he has been appointed counsel for his criminal case. The Fifth Circuit has stated that the constitutional right of access to the courts is satisfied through the offer of assistance of counsel to a defendant. *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996); *see also Dickinson*, 2009 WL 1407935 at *1 (stating that because plaintiff had court-appointed counsel representing him in his criminal case, he did not have a constitutional right to access a law library to prepare his criminal defense). Since Plaintiff is represented by counsel, he has failed to state a claim for denial of access to the courts.

## **RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed this 8th day of April, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).